FILED
June 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002685226

**4**

MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax: (530) 244-0907

Attorney for Geoffrey Richards, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 09-36620-C-7 |
| SAMUEL T. MARKLEY, HENRIETTA G. MARKLEY | DCN: MPD-2 |
| Debtors / | Date: July 13, 2010<br>Time: 9:30 a.m.<br>Place: Courtroom 35, Dept C<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

MOTION FOR AUTHORIZATION TO SELL THE DEBTORS' ONE HALF OWNERSHIP INTEREST IN REAL PROPERTY DESCRIBED AS A SINGLE FAMILY HOME AT 2631 RANCHO ROAD, REDDING, CALIFORNIA

Geoffrey Richards (hereafter "Richards"), the chapter 7 trustee in this case, submits the following for the court's consideration in connection with his motion for an order authorizing sale of the debtors' one half ownership interest in real property described as a single family home at 2631 Rancho Road, Redding, California (hereafter "Property").

**I. STATEMENT OF FACTS**

These proceedings were instituted when the debtors Samuel T. Markley and Henrietta G. Markley filed their petition under the United States Bankruptcy Code on August 6, 2009. Richards was appointed the Chapter 7 trustee.

During the course of administering the estate Richards discovered one of the assets

Page 1

of this estate is the debtors' interest in the Property. Richards wishes to sell this Property to generate funds for the estate and requests authorization to go forward and complete this sale.

Richards has accepted an offer from Joseph Concepcion and Cecilia Concepcion (hereafter "Buyer") subject to court approval and potential overbid to buy the debtors' interest in the Property for $25,000.00. The Buyer is the owner of the other one half interest in the Property and Cecilia Concepcion is the sister of the debtor Samuel Markley.

The purchase price is for all of the debtors' interest in the Property, subject to all existing liens, deeds, taxes and other encumbrances. The Property is being sold as is, where is, without warranty of any kind. Title will be conveyed by quitclaim deed. There is no real estate broker. Any escrow costs or other costs associated with this sale will be paid by Buyer. No exemption claim is being made to the sales proceeds.

Richards believes this price is at or near the present maximum obtainable sale price for the Property. The debtors valued their one half interest in the Property on schedule A at $80,000.00. Richards obtained a BPO which valued the entire property at approximately $149,000.00. The only lien on the property, a note secured by first deed of trust in favor of National City Mortgage, is approximately $85,000.00. This leaves total equity in the property of approximately $64,000.00. One half of that amount would be $32,000.00. The sales price of $25,000.00 is reasonable based on these figures, the difficulty in selling a partial ownership interest, and because no commissions or costs of sale are being incurred.

Richards believes this price is at or near the present maximum obtainable sale price for the Property. Failure to sell at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the Property and potentially increased holding costs.

Richards has received the entire $25,000.00 from Buyer. He proposes to accept overbids in increments of $2,000.00, or such other amount as the court may designate, at the time of hearing. All persons wishing to bid must provide Richards or his counsel, no later than 24 hours prior to the hearing, a $25,000.00 deposit plus proof of financial ability to

close the sale. If the winning bidder fails to close $5,000.00 of the deposit will be forfeited to the bankruptcy estate without further court order. If any bidder deposits funds and is not the high bidder all of those funds will be returned to that bidder.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Richards has sound business reasons for selling the Property. He will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the Property is fair and reasonable. Selling now prevents further delay, possible decrease in value and potential additional costs associated with continued holding

of the Property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

### III. CONCLUSION

For all the reasons set forth above Richards respectfully requests this court enter an order authorizing him to sell the Property under the terms and conditions set forth above and in the Real Property Purchase Agreement filed herewith as Exhibit A, that the court authorize him to sign all documents necessary or convenient to complete the sale, that no further motion or order of the court be required with regard to completing the sale, and for any further relief the court deems appropriate.

Date: June 7, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
GEOFFREY RICHARDS